**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF ARKANSAS**
**WESTERN DIVISION**

JERRY L. MCCOY
ADC #105985                                                                                          PLAINTIFF

V.                          CASE NO. 4:15-CV-00105 SWW/BD

LARRY NORRIS, et al.                                                                              DEFENDANTS

**RECOMMENDED DISPOSITION**

**I.      Procedures for Filing Objections:**

This Recommended Disposition ("Recommendation") has been sent to United States District Judge Susan Webber Wright.  You may file written objections to this Recommendation.  If you file objections, they must be specific and must include the factual or legal basis for your objection.

Your objections must be received in the office of the United States District Court Clerk within fourteen (14) days of this Recommendation.

If no objections are filed, Judge Wright can adopt this Recommendation without independently reviewing the record.  By not objecting, you may also waive any right to appeal questions of fact.

**II.     Background:**

Jerry L. McCoy, an Arkansas Department of Correction inmate, filed this lawsuit pro se under 42 U.S.C. § 1983.  (Docket entry #2)  In his complaint, Mr. McCoy claims that he was injured while riding as a passenger in a van driven by Defendant Ramsey. Mr. McCoy explains that Defendant Ramsey backed into something when leaving the

University of Arkansas Medical Services parking lot. He alleges that, although he was shackled, he was not restrained in a seatbelt, and that as a result of the impact, he suffered injuries.

Mr. McCoy further explains that when he arrived at Pine Bluff Central Transport, Defendants Ramsey and Morton failed either to provide him needed medical care or to request that he be examined by medical personnel. He notes, however, that he was fully examined by a physician when he returned to the Malvern Unit.

The Court previously dismissed Mr. McCoy's claims against Defendant Norris, as well as his claims against Defendants Ramsey and Morton in their official capacities. Mr. McCoy was permitted to proceed on his claims against Defendants Ramsey and Morton in their individual capacities. (#12)

These Defendants have now moved for the Court to dismiss all claims raised against them, with prejudice. (#15) The Court recommends that the motion (#15) be GRANTED, in part. The claims should be dismissed, but dismissed without prejudice. While the allegations do not support a federal claim to relief, Mr. McCoy may have state tort claims.

**III.   Discussion:**

   A.   Negligence

Defendants first argue that Mr. McCoy's claims are precluded because they sound in negligence. The Court agrees. Here, Mr. McCoy attempts to hold Defendants Ramsey

and Morton liable based upon a motor accident that resulted in his injuries. Such a claim can best be characterized as a negligence claim. Negligence, however, does not give rise to liability under 42 U.S.C. § 1983. *Terrell v. Larson*, 396 F.3d 975, 978 (8th Cir. 2005) (en banc) (mere negligence insufficient to establish liability under § 1983). Even grossly negligent conduct does not state a claim under 42 U.S.C. § 1983. *Roach v. City of Fredericktown, Mo.*, 882 F.2d 294, 297 (8th Cir. 1989) (internal quotations omitted). Here, neither Defendant's conduct rises to a level that can sustain a claim under §1983.

  B. Deliberate Indifference

"Deliberate indifference to serious medical needs of prisoners constitutes the unnecessary and wanton infliction of pain proscribed by the Eighth Amendment." *McRaven v. Sanders*, 577 F.3d 974, 979 (8th Cir. 2009) (quoting *Estelle v. Gamble*, 429 U.S. 97, 104 (1976)). This indifference extends to "prison guards in intentionally denying or delaying access to medical care or intentionally interfering with the treatment once prescribed." *Id*.

To show the prison officials failed to provide adequate medical treatment, Mr. McCoy must prove that he suffered from an objectively serious medical need, and defendants knew of the need yet deliberately disregarded it. *Hartsfield v. Colburn*, 371 F.3d 454, 457 (8th Cir. 2004). "A serious medical need is one that has been diagnosed by a physician as requiring treatment, or one that is so obvious that even a layperson would

easily recognize the necessity for a doctor's attention." *Coleman v. Rahija*, 114 F.3d 778, 784 (8th Cir. 1997).

Here, assuming that neither Defendant requested that Mr. McCoy be examined by medical personnel, the claims still fail. First, Mr. McCoy does not allege that he suffered from a serious medical need following the accident. Furthermore, he was seen by a physician when he returned to his housing unit, but his injuries did not require urgent care. Accordingly to Mr. McCoy's allegations, the staff physician did not provide Mr. McCoy medication or treatment other than what he was already taking. (#2 at p.4)

Although Mr. McCoy complains that he continues to suffer pain as a result of the underlying incident, the Court cannot conclude from that fact that either Defendant Ramsey or Morton acted with deliberate indifference to his medical needs. Their failure to have Mr. McCoy immediately examined by medical personnel constitutes negligence at most. *Langford v. Norris*, 614 F.3d 445, 460 (8th Cir. 2010) (plaintiff must show more than even gross negligence, and mere disagreement with treatment decisions does not rise to level of constitutional violation). Accordingly, this claim also fails.

### III. Conclusion:

The Court recommends that the Defendants' motion (#15) be GRANTED. Mr. McCoy's claims should be DISMISSED, without prejudice.

DATED this 15th day of April, 2015.

_____
UNITED STATES MAGISTRATE JUDGE